# EXHIBIT A



**Service of Process Transmittal**
06/14/2012
CT Log Number 520686893

**TO:** Roberta Lang
Whole Foods Market, Inc.
550 Bowie Street
Austin, TX 78703

**RE:** **Process Served in Massachusetts**

**FOR:** Whole Foods Market Group, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Diego Tavarez-Grullon, Pltf. vs. Whole Foods Market Group, Inc., etc. and Joe Brancaleone, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Scheduling Order, Cover Sheet, Certification, Complaint and Request for Jury Trial |
| **COURT/AGENCY:** | Essex County District Court Department - Lawrence Division, Essex County, MA
Case # 12961C |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on June 28, 2010 on the basis of plaintiff's handicap and age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/14/2012 at 13:45 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of the day of service - Answer // 09/15/2012 - Response to complaint (See scheduling order for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | Simon Dixon
Dixon & Associates
439 South Union Street
Suite 202
Lawrence, MA 01843
978-794-1623 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/14/2012, Expected Purge Date: 06/19/2012
Image SOP
Email Notification, Email Process SOP@WHOLEFOODS.COM
Email Notification, Roberta Lang Sarah.Krause@wholefoods.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dahrlena Mitchell |
| **ADDRESS:** | 155 Federal Street
Suite 700
Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of 1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*  -  (TORT)  -  MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   (OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                                              SUPERIOR COURT
                                                                                                        CIVIL ACTION
                                                                                                        No. 12-961C

Diego Tavarez-Grullon ................................................................................, Plaintiff(s)

v.

Whole Foods Market Group, Inc. and Joe Brancaleone ..........., Defendant(s)

## SUMMONS

To the above named Defendant: CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110 as Registered Agent for Whole Foods Market Group, Inc.

You are hereby summoned and required to serve upon  Dixon & Associates  ,

plaintiff's attorney, whose address is 439 So. Union St., Ste. 202, Lawrence, MA 01843 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence Superior Court  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE  , Esquire, at Salem, the 1 0 th
day of ~~May~~ June , in the year of our Lord two thousand twelve



A true copy Attest:
Deputy Sheriff Suffolk County

                                                                                                        Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____, 20___ .                  _____

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                                    ┌─────────────────────┐
                                                    │                     │
                                                    │              , 20   │
                                                    │                     │
                                                    └─────────────────────┘

---

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 12-961C

Diego Tavarez-Grullon
Plaintiff(s)

v.

Whole Foods Market Group, Inc. and Joe Brancaleone
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT — MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - (OTHER.))

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 12-961C

Diego Tavarez-Grullon ............................................................................, Plaintiff(s)

v.

Whole Foods Market Group, Inc. and Joe Brancaleone ........................., Defendant(s)

### SUMMONS

Joe Brancaleone, 15 Beacon Street, Gloucester, MA 01930

To the above named Defendant:

You are hereby summoned and required to serve upon ___Dixon & Associates___, plaintiff's attorney, whose address is 439 So. Union St., Ste. 202, Lawrence, MA 01843, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence Superior Court either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE, Esquire, at Salem, the 18th day of ~~May~~ June, in the year of our Lord two thousand twelve

TRUE ATTEST COPY

_signature_
DEPUTY SHERIFF
Badge 971

_signature_
Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

LS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*Essex County Sheriff's Department*
*Division of Civil Process*
Shetland Park
45 Congress Street
Suite 4100
Salem, MA 01970

Badge #71

Joe Brandaleone
15 Beacon Street
Gloucester
MA 01930



MAILED FROM ZIP CODE 01970
JUN 18 2012
$00.450
PITNEY BOWES

County of Essex
The Superior Court

CIVIL DOCKET # ESCV2012-00961-C
Courtroom CtRm 1 (Lawrence)

RE: **Grullon v Whole Foods Market Group Inc et al**
TO:
    Simon Dixon, Esquire
    439 South Union Street
    Suite 202
    Lawrence, MA 01843

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **03/09/2014**.

### STAGES OF LITIGATION      DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 08/16/2012 | 08/16/2012 | |
| Response to the complaint filed (also see MRCP 12) | | 09/15/2012 | |
| All motions under MRCP 12, 19, and 20 | 09/15/2012 | 10/15/2012 | 11/14/2012 |
| All motions under MRCP 15 | 09/15/2012 | 10/15/2012 | 11/14/2012 |
| All discovery requests and depositions served and non-expert depositions completed | 03/14/2013 | | |
| All motions under MRCP 56 | 04/13/2013 | 05/13/2013 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/10/2013 |
| Case shall be resolved and judgment shall issue by **03/09/2014** | | | 03/09/2014 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- **You will be notified of that date at a later time.**
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 05/18/2012                                                                                Thomas H. Driscoll Jr.
                                                                                                               Clerk of the Court

Telephone: (978) 687-7463

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. |
|---|---|---|
| | COUNTY OF ESSEX | |
| PLAINTIFF(S) Diego Tavarez-Grullon | DEFENDANT(S) Whole Foods Market Group, Inc. and Joe Brancalone | |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)
---|---
Simon Dixon, Esq. Dixon & Associates, 439 South Union Street, Suite 202, Lawrence, MA 01843   BBO#: 546343 | Unknown

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK            IS THIS A JURY CASE?

B22 Employment Discrimination - Fast Track            [●] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                $
  2. Total doctor expenses                                  $
  3. Total chiropractic expenses                            $
  4. Total physical therapy expenses                        $
  5. Total other expenses (describe)                        $
                                                  Subtotal  $
B. Documented lost wages and compensation to date          $
C. Documented property damages to date                     $
D. Reasonably anticipated future medical expenses          $
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe)
                                                           $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

  Violation of M.G.L. c. 151B and FMLA.

                                                  Totals   $

**FILED IN THE SUPERIOR COURT FOR THE COUNTY OF ESSEX**

**MAY 18 2012**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

CLERK

TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: May 17, 2012

A.O.S.C. 3-2007

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

Division: Essex

Docket No. _____

# UNIFORM COUNSEL CERTIFICATION FORM

Case Caption: __Diego Tavarez-Grullon v. Whole Foods Market Group, Inc. d/b/a Pigeon Cove, and Joe Brancaleone__

I am the attorney-of-record for: __Diego Tavarez-Grullon__

◉ plaintiff  ○ defendant  ○ petitioner  ○ respondent in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part:

"...Attorneys shall provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent."

I hereby certify that I have complied with this requirement.

_____
(Signature of Attorney-of-Record)

Simon Dixon, Esq.
(Print name)

B.B.O. # 546343

Date: May 17, 2012

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

MAY 1 8 2012

_____
CLERK

CCF (4/07)                                                                                              C.G.F

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                                          LAWRENCE SUPERIOR COURT
                                                                   DOCKET NO.:

DIEGO TAVAREZ-GRULLON,          )
                                )
    PLAINTIFF                   )
                                )
v.                              )
                                )                                  FILED
WHOLE FOODS MARKET GROUP, INC., )                                  IN THE SUPERIOR COURT
d/b/a PIGEON COVE, AND          )                                  FOR THE COUNTY OF ESSEX
JOE BRANCALEONE,                )
                                )                                  MAY 18 2012
    DEFENDANTS                  )
                                                                   CLERK

### COMPLAINT AND REQUEST FOR TRIAL BY JURY

#### I. PARTIES

1. Plaintiff, Diego Tavarez-Grullon, is an individual who resides in Gloucester, Essex County, Massachusetts.

2. Defendant, Whole Foods Market Group, Inc., d/b/a Pigeon Cove, is a corporation duly incorporated in the State of Delaware, conducting business in Gloucester, under the name of Pigeon Cove Whole Foods Market, 15 Parker Street, Gloucester, MA 01930.

3. Defendant, Joe Brancaleone, is an individual who resides in Gloucester, Essex County, Massachusetts.

#### II. FACTS

4. Plaintiff was employed at Whole Foods Market Group, Inc., d/b/a Pigeon Cove Whole Foods Market, 15 Parker Street, Gloucester, MA 01930, from September 2, 2005 up to and including June 1, 2010, working as a laborer, lifting totes of fish ranging from 50 to over 100 pounds on a daily basis.

5. Throughout plaintiff's employment, Joe Brancaleone was his Supervisor and Team Leader.

6. On May 19, 2010, while lifting a tote of fish, plaintiff felt pain in his lower back.

7. Prior to May 19, 2010, plaintiff experienced pain to his back while lifting totes of fish.

1

8.  On May 19, 2010, plaintiff reported pain to his lower back to Supervisor/Team Leader, Joe Brancaleone, who instructed him to perform light duty work for the rest of the afternoon.

9.  On May 19, 2010, plaintiff left work at approximately 1:00 p.m.

10. In the early morning of May 20, 2010, plaintiff was rushed to Addison-Gilbert Hospital in Gloucester, MA.

11. Thereafter, plaintiff had to be admitted at Addison-Gilbert Hospital in Gloucester, Ma.

12. Plaintiff was eventually diagnosed with an L5-S1 disc herniation caused by his daily lifting of heavy totes of fish.

13. On May 21, 2010, plaintiff had an MRI of the lumbar spine without contrast evidencing "moderate left paracentral focal disc protrusion at L5-S1 with associated mass effect upon the left S1 nerve root in the lateral recess."

14. On May 25, June 8, and June 22, 2010, plaintiff underwent transforaminal nerve root block injections at L4-S1 and L5-S1 on the left.

15. Plaintiff also had another MRI on June 25, 2010 at the Salem Hospital, Salem, MA, revealing diffuse disc bulging at L4-L5 and L5-S1.

16. On July 2, 2010, plaintiff underwent a microdiscectomy operation at the L5-S1 level.

17. Plaintiff was informed on June 28, 2010 that he was terminated from employment on June 1, 2010.

18. On or about May 24, 2010, Kiefer Fradera, co-employee at defendant's facility, informed plaintiff's Supervisor/Team Leader, Joe Brancaleone, of plaintiff's herniated discs and status as an in-patient at the Addison-Gilbert Hospital in Gloucester, MA.

2

19. Supervisor/Team Leader Joe Brancaleone intentionally failed to transmit such information to the Human Resource Department to inform them of plaintiff's medical condition and status.

20. Furthermore, on or about May 24, 2010, Kiefer Fradera provided Supervisor/Team Leader, Joe Brancaleone, medical notes from plaintiff's doctors referencing plaintiff's medical problems and documenting the need to stay out of work.

21. On June 28, 2010, plaintiff was notified for the very first time that he no longer had a job with the Defendant, Whole Foods Market Group, Inc., d/b/a Pigeon Cove Whole Foods Market. He was informed that his job terminated as of June 1, 2010.

22. Even though Defendant Brancaleone and personnel at the Human Resource Department had plaintiff's contact information, they failed to confirm whether plaintiff was suffering from a herniated disc and required surgery prior to terminating his employment.

23. The decision to terminate plaintiff's employment was a direct and proximate result of Supervisor/Team Leader, Joe Brancaleone's failure to inform Human Resource of plaintiff's medical condition.

24. As a direct and proximate result of defendants' failure to investigate plaintiff's medical condition, plaintiff's health insurance was discontinued.

25. Defendant terminated plaintiff's employment before the expirations of the twelve (12) weeks period following his May 19, 2010 incident resulting in disc herniation, as well as medical notes given to Supervisor Brancaleone referencing plaintiff's request for a medical leave of absence.

26. After terminating plaintiff's employment, Defendant, Whole Foods Market Group, Inc., d/b/a Pigeon Cove Whole Foods Market, reinstated plaintiff's benefits, alleging error on their part.

27. Defendant, Whole Foods Market, Inc. and Joe Brancaleone, violated plaintiff's the Family Medical Leave Act (hereinafter referred to as FMLA) by terminating plaintiff's employment at Whole Foods Market Group, Inc., d/b/a Pigeon Cove, without first inquiring about plaintiff's medical condition.

28.    Charleen Munroe, personnel at the Human Resource Department, also failed to inquire from Supervisor/Team Leader Brancaleone concerning plaintiff's paperwork, medical notes and information provided by Kiefer Fradera.

29.    Furthermore, supervisor/team leader discriminated and retaliated against the plaintiff when he informed personnel at the Human Resource Department that plaintiff quit his job.

30.    At all relevant times, plaintiff was over the age of forty (40), whose date of birth is December 20, 1958.

31.    The plaintiff is of Hispanic origin whose ancestry is from the Dominican Republic.

32.    At all relevant times, plaintiff suffered from a permanent impairment resulting from disc herniations and subsequent surgical interventions.

33.    At all relevant times, Defendant, Whole Foods Market Group, Inc., d/b/a Pigeon Cove, employed more than fifty (50) employees within a seventy-five (75) mile radius.

34.    On October 1, 2010, plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) against Whole Foods Market Group, Inc., d/b/a Pigeon Cove Whole Foods Market, and Joe Brancaleone.

35.    At all relevant times, plaintiff was permanently impaired, affecting a major life activity, i.e., working, walking, and any other physical activities requiring exertion, including sitting for a prolonged period of time.

36.    Even though plaintiff informed defendants, through their agents and/or employees, including but not limited to Charleen Munroe and Joe Brancaleone, of plaintiff's hospitalization and herniated discs, they did not complete a FMLA Form until June 28, 2010, approximately five (5) weeks after the May 19, 2010 incident involving lifting of heavy totes of fish.

37.    As a direct and proximate result, plaintiff suffered garden variety emotional distress, depression, mental anguish, loss of self-esteem and loss of use of income.

4

## COUNT I – HANDICAP DISCRIMINATION IN VIOLATION OF M.G.L. c. 151B, § 4(16)

38. Plaintiff re-alleges paragraphs 1 through 37 of this complaint and by reference incorporate them into this count.

39. From May 19, 2010 to the present, plaintiff suffered serious physical restrictions due to herniated discs and subsequent surgeries.

40. Plaintiff's physical restrictions substantially limits one or more major life activities.

41. Even though defendant possessed documents evidencing plaintiff's medical impairment and request to stay out of work, defendants, through their agents and/or employees, failed to conduct an interactive process and/or offer reasonable accommodation to allow plaintiff to continue his employment.

42. On June 28, 2010, plaintiff was informed for the very first time by personnel at the Human Resource Department that he was terminated from employment as of June 1, 2010 due to Team Leader/Supervisor, Joe Brancaleone, informing them that plaintiff called in to quit his employment.

43. As a direct and proximate result, plaintiff suffered garden variety emotional distress, depression, mental anguish, loss of self-esteem and loss of use of the money and income.

WHEREFORE, plaintiff respectfully moves that this Honorable Court enter a judgment against the defendants, jointly and/or severally, in the amount it deems appropriate plus interest, costs, expenses, attorney's fees pursuant to M.G.L. c 151B and punitive damages.

## COUNT II – RETALIATION IN VIOLATION OF M.G.L. 151B, § 4A

44. Plaintiff re-alleges paragraphs 1 through 43 of this complaint and by reference incorporate them into this count.

45. Defendant, Joe Brancaleone, retaliated against the plaintiff for missing work due to disc herniations by failing to transmit critical information to Human Resource about his medical condition; by

5

informing Human Resource that he called in to quit; and by not contacting the plaintiff even though he possessed contact information to verify plaintiff's medical problems.

46. Defendant, through the Human Resource Department, retaliated against the plaintiff due to his leave of absence necessitated by his medical problems, i.e., herniated discs, by failing to contact the plaintiff even though it possessed contact information to verify whether plaintiff quit his job and whether he was out on a medical leave.

47. The defendants, jointly and/or severally, retaliated against the plaintiff as a result of his filing a workers' compensation claim.

48. As a direct and proximate result, plaintiff suffered garden variety emotional distress, depression, loss of self-esteem, mental anguish and loss of use of his earnings and wages.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter a judgment against the instant defendants, jointly and/or severally, in the amount it deems appropriate to compensate the plaintiff, including but not limited to punitive damages, attorney's fees, costs and expenses in accordance with M.G.L. c. 151B, § 9.

### COUNT III – AGE DISCRIMINATION IN VIOLATION OF M.G.L. C. 151, § 4(1B)

49. Plaintiff re-alleges paragraphs 1 through 48 of this complaint and by reference incorporate them into this count.

50. At all relevant times, plaintiff was over the age of forty (40), whose date of birth is December 20, 1958.

51. Plaintiff was subjected to adverse employment action because of his age and physical impairment.

52. The adverse employment action created a disparate treatment of the plaintiff.

53. As a direct and proximate result, plaintiff suffered garden variety emotional distress, humiliation, mental anguish, depression and loss of use of income.

**WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendants, jointly and/or severally, in the amount it deems appropriate as a result of their violation of M.G.L. c. 151B, § 4(1B) and furthermore award punitive damages, interest, costs, expenses and attorney's fees.

### COUNT IV – VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA) 29 USC, § 2612(a)

54.    Plaintiff re-alleges paragraphs 1 through 53 of this complaint and by reference incorporate them into this count.

55.    29 USC § 2612(a) provides twelve (12) weeks of leave to an employee if he suffers from a serious health condition.

56.    Plaintiff was eligible to receive FMLA since he has worked as a full time employee for the defendant for the last twelve (12) months prior to May 19, 2010.

57.    Defendant, Whole Foods Market Group, Inc. employed at least fifty (50) employees within seventy-five (75) miles of the worksite where the employee worked in Gloucester, MA.

58.    Plaintiff was seriously injured on May 19, 2010 when he suffered herniated discs which required surgical intervention.

59.    Plaintiff, through Kiefer Fradera and Flor Marie Reyes, notified Defendant Brancaleone and personnel at the Human Resource Department of plaintiff's medical condition and request for leave of absence.

60.    Plaintiff was terminated following his notification for a leave of absence due to a serious health condition within twelve (12) weeks after his request for medical leave.

61.    Defendant, Whole Foods Market Group, Inc., d/b/a Pigeon Cove Whole Foods Market, violated the FMLA by terminating plaintiff's employment within twelve (12) weeks after being put on FMLA.

62. Thereafter, defendants alleges that they committed several errors, including but not limited to Defendant Brancaleone not informing Human Resource of plaintiff's medical condition; and not making any attempts to contact the plaintiff to verify the leave due to a medical necessity.

63. Defendant, Whole Foods Market Group, Inc., also violated FLMA not only by terminating plaintiff's employment but by not verifying plaintiff's leave due to a medical necessity, even though defendants possessed contact information.

64. As a direct and proximate result, plaintiff suffered garden variety emotional distress, humiliation, depression and loss of self-esteem.

65. As a further result thereof, plaintiff lost the use of his income.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter a judgment against the instant defendants, jointly and/or severally, in the amount if deems appropriate as a result of their violation of the FLMA, 29 USC § 2601 et seq. and 29 USC § 2612(a), and award Attorney's fees, costs, expenses and punitive damages.

PLAINTIFF REQUESTS A TRIAL BY JURY ON EACH AND EVERY ISSUE

Date: 5/17/2012

Respectfully submitted,
Plaintiff through counsel,

Simon Dixon, Esq.
DIXON & ASSOCIATES
439 South Union Street, Suite 202
Lawrence, MA 01843
(978) 794-1623
BBO#: 546343

COMPLAINT (2) 05-17-12

8